[No. 6,994.—Department Two.]

## JAMES BRADY v. MICHAEL DOWDEN.

TAX DEED—ASSESSMENT—EVIDENCE.—The recital in a tax deed as to whom the property was assessed, is conclusive.

*Held*, accordingly, That a deed which recited that the property had been assessed to "unknown owners, and to all owners and claimants known and unknown," was void.

APPEAL from a judgment for the defendant in the Twentieth District Court, County of Santa Clara. BELDEN, J.

*J. Alexander Yoell*, for Appellant.

*S. F. Leib*, for Respondent.

SHARPSTEIN, J.:

The recital in the deed, "That the said property was assessed for the fiscal year ending March 31st, 1878, for city taxes, at eight dollars and ten cents to unknown owners, *and to all owners and claimants, known* and unknown," makes it void, under the decisions of this Court in *Grotefend* v. *Ultz*, 53 Cal. 666, and *Grimm* v. *O'Connell*, 54 id. 522. If the name of the owner was known it should have been assessed to him. If not, it should have been assessed to unknown owners. (Pol. Code, § 3636.)

In this case the Assessor, according to the recital in the deed, did not follow this plain and simple direction, but assessed the property to owners and claimants *known,* without naming them. As we construe the opinion of the Court in *Grimm v. O'Connell*, 54 Cal. 522; the plaintiff is concluded by the recital in his deed, as to whom the property was assessed. He could not be permitted to prove *aliunde* that the property was not assessed as therein recited.

It is unnecessary to consider the alleged defects in the proceedings which preceded the execution of the deed. The deed being void, it follows that the judgment must be affirmed.

Judgment affirmed.

MYRICK, J., and THORNTON, J., concurred.