## NETTA B. CADMAN, v. W. T. SMITH.

(Filed September 6, 1905.,

1. COUNTY TREASURER—Power to Collect Taxes. In this Territory the county treasurer's authority to proceed to the collection of the taxes enumerated upon the tax list, is derived from the warrant of the county clerk directing such collection, and not from the provisions of the statute.

2. CLERK'S WARRANT—Sufficiency of. The warrant of a county clerk to the treasurer directing the collection of taxes was in the following form:

"You are hereby notified to collect in a manner prescribed and the time provided by the statutes of Oklahoma Territory the taxes contained within these rolls, levied according to law, and extended into their several respective funds.

"Witness my hand and seal at Perry, the county seat of Noble county, this 28th day of October, 1898,

"(Seal).

"Allen Daniels,
"County clerk of Noble county."

Held, a sufficient warrant of authority.

3. DELINQUENT TAX LIST—Publication of. A statute requiring the publication of a delinquent tax sale notice once a week for three consecutive weeks, means twenty one days, and a sale of real estate by a county treasurer for delinquent taxes, where notice of such sale has been given for a period less than 21 days prior to such sale is void, and a tax deed to land so sold is void.

4. LIMITATIONS, STATUTE OF—Tax Titles. The patent owner of real estate who remains in possession thereof until the right of the holder of a tax deed to the same is barred of a right of action to recover possession thereof, may maintain an action to remove a cloud from his title because of such tax deed, where the grounds of such action are that such tax deed is void.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

*H. A. Johnson,* for plaintiff in error.

*W. M. Bowles* for defendant in error.

Opinion of the court by

GILLETTE, J.:   This action was brought by the defend-
ant in error, W. T. Smith, to remove a cloud upon his title to
lot 10, block 27, in the city of Perry, Noble county, O. T.

The petition charges that the plaintiff in error, Netta B.
Cadman, is the holder of a tax deed to said lot, issued and re-
corded on November 21, 1901, based upon a tax sale certificate
issued November 20, 1899, for taxes due on said lot for the
year 1897 and 1898, the action being brought June 3, 1903.
A trial was had and concluded in the district court of Noble
county in December, 1903, at the conclusion of which the trial
court made the following findings of fact and conclusions of
law:

"1.   The court finds from the evidence that the county
clerk of Noble county, Oklahoma Territory, failed to attach
his warrant to the tax list, ordering and directing the county
treasurer of this county and territory to collect the taxes
therein named, for the years 1897 and 1898.

"2.   The court further finds from the evidence that no
warrant was attached to or upon the tax list directing the
county treasurer to collect the taxes for the years 1897 and
1898.

"3.   The court further finds that the publication notice
which has been introduced in evidence on the ........day of
................. is insufficient.   That the required stat-
utory notice to sell the delinquent taxes for the years 1897 and
1898 was not given.

"4.   The court further finds from the evidence that the
property in question was sold to H. A. Johnson on the ......
........day of ..................., 1899, and that a tax
certificate was issued to H. A. Johnson on the 20th of Novem-
ber, 1899.   That said tax certificate was duly assigned and
acknowledged by H. A. Johnson to the defendant herein, on
the 18th of November, 1901.

"5.   The court further finds from the evidence that a tax deed was issued in due and regular form, by the treasurer of this county, to the defendant herein. on the 21st day of November, 1901, and that the seal was duly and regularly attached thereto, and that said tax deed was duly and regularly recorded by the register of deeds of this county on the 21st day of November, 1901, at 3:30 o'clock P. M., in book 1, page 79.

"6.   The court further finds from the evidence that on June 3, 1903, the date of the filing of this petition, the plaintiff was in possession of the lot in question, and had been in possession thereof for a number of years prior thereto by virtue of his recorded deed.

### CONCLUSIONS OF LAW.

"The court finds and holds, as a conclusion of law, that the tax deed is, and was, absolutely void.

"The court further finds and holds that the action is not, and was not barred by the statute of limitations at the commencement thereof.

"The court holds, as a matter of law, the tax warrant being wholly insufficient, and the tax deed being absolutely void, that the plaintiff is not required to pay any taxes, penalties, assessments or costs incurred in the advertisement and sale of the property."

The court further adjudged the tax deed to be void, and ordered the same cancelled and held for naught, and entered its order quieting the title to the property in controversy in the plaintiff as prayed for in the petition, and the costs taxed to the defendant, and rendered judgment declaring the tax title of plaintiff in error wholly void, and directing a cancellation of the same; to reverse which judgment this proceeding in error is prosecuted.

The findings of fact being amply supported by the evidence and having the force and effect of a special verdict by a

jury, it only remains for this court to determine whether the court below erred in applying the law to the facts thus found.

The findings of fact by the court upon which its judgment was based, were:

"First, That the county clerk failed to attach his warrant to the tax list ordering and directing the county treasurer of Noble county, O. T., to collect the taxes therein named for the years 1897 and 1898, and finds that no tax warrant was attached to or upon the tax lists for those years, directing the treasurer to collect the taxes; second, that the publication of the delinquent tax sale notice by the treasurer of said county for the year 1897 and 1898 was insufficient."

The courts are unanimous in their determination that where the property of the citizen is sold to satisfy a public charge against it, the requirements of the law authorizing such sale must be substantially complied with. The officer making the sale may not assume anything with reference thereto, and must do all things that the law directs, or his attempted sale is invalid. Did the county clerk in this instance attach to the tax list delivered to the treasurer a warrant of the county clerk, and not from the provisions of the statute, and one of the questions here submitted is with reference to the sufficiency of the tax warrant of the county clerk of Noble county attached to the tax list delivered to the treasurer. The language of that warrant is as follows:

"WARRANT OF AUTHORITY.

"Territory of Oklahoma, County of Noble, ss.

"To G. T. Bryau, County Treasurer.

"You are hereby notified to collect in a manner prescribed and time provided by the statutes of Oklahoma Territory the taxes contained within these rolls, levied according to law and extended into their several respective funds.

"Witness my hand and seal at Perry, the county seat of Noble county, this 28th day of October, 1898.

"(SEAL)

"ALLEN DANIELS.
"County clerk of Noble County."

The provision of our statute touching the warrant of the county clerk to the treasurer is as follows:

"And the county clerk shall attach to the lists his warrant under his hand and official seal, in general terms requiring the treasurer to collect the taxes levied according to law and no informality in the foregoing requirements shall render any proceedings for the collection of taxes illegal."

We are unable to concur with the court below in its holding as a conclusion of law that the tax deed was void because of the insufficiency of this warrant.

The word "notified" as used in the warrant of the clerk might have been substituted by a better word conveying the meaning intended. But to say that by reason of its use the treasurer was not thereby warranted in proceeding to the collection of the taxes, enumerated in the lists to which it was attached, would, we think, be doing violence to sound reason in the premises, and especially where the statute provides that "no informality in the foregoing requirements shall render any proceedings for the collection of taxes illegal."

The view here expressed is not in conflict with the determination of this court in *Frazier v. Prince,* 8 Ok. 253, 58 Pac. 751, for in that case there was no pretense of authority by the county clerk to the treasurer. In that case the county clerk simply certified to the correctness of the tax roll, and there was not even a pretended warrant to the treasurer authorizing him to collect the taxes shown by the roll.

The second proposition upon which the trial court based its judgment, to wit; "That the publication of the delinquent tax sale notice by the treasurer of said county for the year 1897 and 98, was insufficient," is based upon the following requirement of the statute:

"The treasurer shall give notice of the sale of real property by the publication thereof once a week for three consecutive weeks." (Wil. Ann. Stat. sec. 6021.)

In the judgment of this court the language of the statute here used means twenty one (21) days. In this we are supported by authority. The supreme court of Oregon, in *O'Hara v. Parker,* 39 Pac. 1004, had this precise question under consideration and determined it in the following language:

"The validity of the tax deed remains to be considered. A number of infirmities therein are alleged. We shall notice but two. The first notice of sale was published in the weekly Ostorian, June the 6th, and the last on June 27, 1885. The sale was had on Friday, July 3rd. A computation of time during which this notice was published, by excluding the first day of publication and including the day of sale, shows the notice to have been published but 27 days. The statute requires the publication to be four weeks successively. This means 28 days."

In that case the court cites: Black on Tax Titles, 210; *Meridy v. Chaney,* 29 Ind. 466; *Early v. Doe,* 16 How. 610; *Boyd v. McFarland,* 59 Ga. 208; *Bacon v. Kennedy,* 56 Mich. 329; 22 N. W. 824.

In addition to the authorities cited in support of the opinion of the court of Oregon, the following authorities support the same conclusion: *Townsen v. Martin,* 55 Ark. 192; 17 S. W., 875; *Martin v. McDairmid,* 55 Ark 213; 17 S. W. 877; *Morris v. St. Louis,* etc., 29 Pac. 802; *Martin v. Bar-*

*bour,* 34 Fed. 701; *Carpenter v. Shimers,* 108 Cal. 359, 41 Pac. 473; *Wambol v. Foot* 2 Dak. 10, 2 N. W. 239.

It was necessary for the treasurer to give the required notice before the law conferred upon him jurisdiction to sell and convey the property of a citizen for the non payment of taxes. This was not done.

It appears from the evidence that the first publication of notice by the treasurer for the sale of this property was made on the 2nd day of November, 1899, and the last publication November 16, 1899, and that the property in question was sold by the treasurer on November 20, 1899, eighteen days from the date of the first publication. The statute requires three weeks' notice and this means twenty one days.

The statute fixed the length of time notice should be given, and without giving notice as required by the statute and for the length of time prescribed, he was powerless to sell, and, by treasurer's deed, to convey the land in question. It follows that the sale made by the treasurer of the premises in question was void. The same however was a cloud upon the title of the defendant in error when this action was brought.

The conclusion here reached brings us to a consideration of the question as to whether or not this action may be maintained in view of the statute of limitation concerning tax titles. which provides:

"No action shall be commenced by the holder of the tax deed or the former owner or owners of land by any person claiming under him or them to recover possession of the land which had been sold and conveyed by deed for non-payment of taxes, or to avoid such deed, unless such action shall be commenced within one year after the recording of such deed; and in case of action to avoid the deed, not until all

taxes, interest and penalties, costs and expenses shall be paid or tendered by the parties commencing such action" (Sec. 5668, General Statutes of Oklahoma. [1893] )

Upon the request of defendant at the conclusion of the evidence, the court made findings of fact, the sixth finding being to the effect that plaintiff was in possession of the premises at the time the action was brought. This finding was not challenged, except upon the motion for a new trial, the fourth ground of which is as follows:

"The findings of fact made upon request of defendant are not supported by sufficient evidence in this to-wit: there was no evidence to support the finding that the plaintiff was in possession of the lot at the time suit was brought, but all the evidence was contrary thereto."

We have examined the evidence touching this question, as well as the evidence on behalf of the defendant tending to show that she was in possession, and not the plaintiff. The only conclusion tending to show the defendant's possession was during the year 1902 her attorney in November caused some plowing to be done on the lots, and had oats sown thereon. The plaintiff claimed to have been in possession of the lot all the time from the date of purchase from the government, and had the same fenced; the fence, however, was manifestly down a part of the time, and the showing on his part in this respect is anything but satisfactory. Out of all the testimony offered, however, the trial court found the posession of the premises to be in the plaintiff, and we are not inclined, upon the proof submitted, to disturb this finding, for it is clear the premises were not in the *adverse* possession of the defendant:

The plaintiff being in possession of the premises at the time the action was commenced, we think it clear he might

maintain this action notwithstanding the one year statute of limitation above referred to, for it is clear that the right of the holder of the tax deed to bring an action to oust the plaintiff is barred by that statute, and the tax deed under such circumstances is simply a cloud upon the title of the plaintiff in possession; and where the right of the holder of the tax title had been barred, there seems to be no good reason why such cloud should not be removed in an action grounded upon the fact that such tax title is void.

In such case the holder of the original title, without any fault of his, finds his property encumbered by a cloud upon the title, and it would be contrary to every principle of equity as well as justice, if no action in equity can be maintained for the removal of the same, and this seems to be the views of Mr. Cooley in his treatise on Taxation, page 562, where he says:

"Where the land owner of a patent title has retained possession until the tax purchaser is barred, he may bring suit in equity to remove the cloud from his title, and the tax purchaser if in possession has a corresponding right."

It is urged that the plaintiff cannot maintain this action because of a failure on his part at the bringing of the same to tender or pay all taxes, interest and penalties, costs and expenses, incident to the execution of the tax deed.

There was no finding of fact by the trial court touching a tender by plaintiff to defendant of taxes, interest. penalty, etc., at the commencement of this action, and we do not here now decide that such tender was or was not necessary under the facts and circumstances of this case. It is sufficient to rest this opinion upon the fact that if such tender was necessary it was sufficiently made. The petition shows a ten-

der of $16.79 accompanied by the declaration that the amount so tendered was the full amount of all taxes, fees, costs, interest and charges of every kind against the property, which allegation is replied to only by a general denial contained in the answer. Upon the · trial of the cause this tender was renewed, accompanied by the declaration that the plaintiff was ready to pay whatever amount might be found to be due. The trial court inquired of the defendant if such tender was accepted, but no response was made to such inquiry, and no proof was offered showing such sum to be insufficient for the purpose offered. There is therefore no substantial controversy about the tender, and no ground presented upon which it might be held insufficient. (*Wilson v. Wood,* 10 Ok. 279.)

It follows that the judgment of the court below must be affirmed.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.