A. D. COX et al. v. COMMISSIONERS OF PITT COUNTY.

(Filed 26 February, 1908).

1. **Statutes—Thirty Days Notice—Presumption—Constitutional Law.**
   The courts will conclusively presume, from the ratification of a legislative act authorizing a county to issue bonds, that the notice of thirty days required by section 12, Article II of the Constitution, has been given.

2. **Statutes—"Aye and No" Vote—Evidence—Legislative Journals—Constitutional Law.**
   When it appears, from the inspection of the Journals of both branches of the Legislature, that the "aye and no" votes were recorded on the second and third readings of a bill to authorize a county to issue bonds, the objection to the validity of the issue upon the ground that section 14, Article II of the Constitution, in that respect, has not been complied with, will not be sustained. ·

3. **Bond Issue — Legislative Powers — Municipal Corporations — Voters—Qualifications—New Registration—Constitutional Law.**
   The suffrage amendment of 1900 fixed a new qualification for voters, but left the matter of their registration to legislation as before. An act authorizing a bond issue by a county is not objectionable as violating Article VI of the Constitution, secs. 2, 3 and 4, upon the ground that it empowered the county commissioners to order a new registration.

4. **Bond Issue — Training School — Public Benefit — Constitutional Law—Municipal Corporations.**
   A bond issue by a county to aid in the establishment of a teachers' training school is not for a private purpose, such as is inhibited by the State Constitution, but for the general benefit of the county wherein it is to be established, and, therefore, not objectionable on the ground that it is not within the scope and purpose of the powers of municipal corporations.

CIVIL ACTION, brought by the plaintiffs, as citizens and taxpayers of the county of Pitt, to enjoin the issue of certain bonds, not exceeding $50,000, which defendants are about to issue, to aid in establishing a training school at or near the town of Greenville, in said county, in pursuance of an act of the General Assembly ratified 6 March, 1907. An application was made to his Honor, *Judge Lyon,* in the Superior

Court of Pitt County, to enjoin the issuing of the bonds. From his order refusing the injunction plaintiffs appealed.

No counsel for plaintiffs.
*Jarvis & Blow* and *J. L. Fleming* for defendants.

Brown, J.   The objections to the validity of the bonds and the legality of the issue are fully set out in the complaint, and we deem it necessary to notice four only of the contentions urged by plaintiffs.

It is insisted, first, that the bond act is unconstitutional and void, for the reason that said act is a private act and that thirty days notice was not given, as required in section 12, Article II of the Constitution.   It is immaterial whether the act be a public local law, as defined in *State v. Chambers,* 93 N. C., 601, and similar cases, or purely a private act, as contended by plaintiffs.   The courts will not go behind the ratification of the act to ascertain whether notice has been given in accordance with section 12, Article II of the Constitution of this State.   While that section is binding upon the conscience of the General Assembly, and doubtless is intended to be observed by that body, the courts will not undertake to review the action in that respect of a co-ordinate department of the State Government, and will conclusively presume from ratification that the notice has been given.   *Gatlin v. Tarboro,* 78 N. C., 119; *Brodnax v. Groom,* 64 N. C., 244; *Worth v. Railroad,* 89 N. C., 291; *Puitt v. Commissioners,* 94 N. C., 709; *State v. Powell,* 100 N. C., 525.

Second, that said act is unconstitutional and void because it was not passed in the manner required by section 14, Article II of the Constitution, in that the yeas and nays were not recorded on the second and third readings, as required by said section.   An inspection of the Journals of both houses of the General Assembly shows that this contention is without foundation.   *Commissioners v. Trust Co.,* 143 N. C., 110.

Third, that the act violates Article VI, sections 2, 3 and 4, of the Constitution, in that it empowers defendants to order a new registration. This position is untenable. The suffrage amendment of 1900 fixed a new qualification for voters, but left the matter of their registration to the Legislature, as before. When and how the registration of voters shall be had is left to the wisdom of the Legislature, and that body may leave it to the local authorities, such as boards of county commissioners, to order a new registration, if such body deems it proper. *Railroad v. Commissioners of Onslow,* 116 N. C., 566; *McCormac v. Commissioners,* 90 N. C., 441; *White v. Commissioners,* 90 N. C., 437; *Clark v. Statesville,* 139 N. C., 490.

Fourth, that the bonds are to be issued and the tax levied for a purpose that is not corporate in its character, viz., not within the scope and purpose of a municipal corporation, and, therefore, violative of the State Constitution.

This position seems to find support in the decision of the Supreme Court of Ohio in the case of *Hubbard v. Fitzsimmons,* 57 Ohio, 436, but is contrary to our own rulings. *Wood v. Oxford,* 97 N. C., 230, and cases cited. We regard municipal corporations as instrumentalities of the State Government, and public in their nature. The General Assembly has control over them, and may enlarge, modify or curtail their powers as it deems proper, within the limits of our Constitution. It may authorize such corporate bodies to apply their revenues and credit to legitimate purposes tending to the general good and upbuilding of the community, although every individual taxpayer may not be directly benefited thereby.

While such corporations cannot donate their funds to strictly private enterprises, there is nothing in our Constitution which prohibits them, with legislative sanction, from assisting undertakings of a public or semi-public character, which are expected and intended to promote the prosperity and general welfare of the community. The purpose in issu-

ing these bonds is to secure the establishment within the county of Pitt of the Eastern Carolina Teachers' Training School, in accordance with the terms of the act establishing it. Chapter 820, Acts 1907. That such donation is not for a private purpose, but intended to assist a great public institution, which will be of inestimable local as well as general benefit, cannot be doubted.

The principle endorsed by the Supreme Court of the United States is that, if the donation is for a public purpose, viz., for the benefit of the inhabitants of the municipality, then it will be for a corporate purpose. *Railroad v. Smith,* 62 Ill., 268, cited and quoted from by *Mr. Justice Harlan* in his elaborate opinion in *County of Livingston v. Darlington,* 101 U. S., 413. In this latter case the Court had under consideration the act of the General Assembly of Illinois, approved 5 March, 1867, establishing the State Reform School. The provision authorizing municipal corporations to donate money to secure the location of the school within their limits was sustained, there being nothing in the Constitution of Illinois, as construed by its highest Court, in conflict with it. The authorities are collected and reviewed in the opinion, and support fully our own views. We are of opinion that the bond issue contemplated is valid, and that his Honor properly refused to enjoin it.

Affirmed.