### SITTON v. HERNSTADT.
### DIFFIE v. SAME.

No. 14199—Opinion Filed July 31, 1923.

Rehearing Denied March 18, 1924.

Second Rehearing Denied Feb. 10, 1925.

**1. Taxation — Validity of Resale Tax Deed.**

A resale tax deed which shows upon its face that the notice provided in section 9744, Comp. Stats. 1921, was published for less than four consecutive weeks before the date of such resale is void.

**2. Same—Limitation of Actions.**

The limitation provided in section 9746, Comp. Stats. 1921, has no application to a tax deed which is void upon its face.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court. Stephens County; Cham Jones, Judge.

Action by W. H. Sitton against W. L. Hernstadt, consolidated with action by Alfred Diffie against W. L. Hernstadt. Judgment for defendants. Plaintiffs bring error. Affirmed.

Sitton & Anderson, for plaintiffs in error.

Rainey & Flynn, Sandlin & Winans, and C. L. McArthur, for defendant in error.

Opinion by DICKSON, C. The foregoing cases were consolidated, and by stipulation of the parties it is agreed that the questions involved in the two cases are identical, and that the determination of this court in the case of H. W. Sitton v. W. L. Hernstadt shall apply to and be entered in the case of Alfred Diffie v. W. L. Hernstadt.

This action was instituted in the district court of Stephens county on the 24th day of October, 1921, by the plaintiff in error H. W. Sitton against the defendant in error, W. L. Hernstadt, and was a suit to quiet title to the southwest quarter of the northwest quarter of section five, township one south, of range five west of the Indian Meridian, of Stephens county, Okla.

We will refer to the parties in this opinion as plaintiff and defendant as they were designated in the trial court.

The plaintiff's petition was in the ordinary form, and the title claimed was based on a resale tax deed to said tract of land, executed by the treasurer of Stephens county to the plaintiff on the 23rd day of November, 1920, and on the same day recorded in the office of the county clerk of said county, a copy of which was attached to and made a part of the plaintiff's petition.

On the 22nd day of June, 1922, the defendant filed his answer and cross-petition setting up title in himself and attacking the tax deed attached to the plaintiff's petition upon a number of grounds, one of which was, in substance, that the resale tax deed relied upon by the plaintiff was void for the reason that it appeared upon the face of said deed that notice of said sale could not have been had for four consecutive weeks preceding said resale and subsequent to the expiration of two years from the date of the original sale on November 4, 1918, and said sale was for that reason unauthorized and void upon its face.

The plaintiff filed a reply to this answer and cross-petition in which he expressly pleaded that the defense set up in the answer and cross-petition was barred by the six months' statute of limitations.

Upon the trial of the case the court sustained a demurrer to the plaintiff's evidence and entered judgment for the defendant, canceling said tax deed and quieting title to the land involved in the defendant.

The errors presented and assigned for a reversal of this case are that:

"Said court erred in sustaining the demurrer of the defendant in error to the evidence of the plaintiff"
—and that:

"Said court erred in permitting the defendant to file his answer and cross-petition after more than six months had expired after the filing of the said tax deed in the office of the county clerk of Stephens county, state of Oklahoma."

The deed upon which the plaintiff relies was executed by the treasurer of Stephens county, pursuant to a resale had under the provision of sections 9743—9746, Comp. Stats. 1921. Said section 9746 contains the provision:

"* * * And such tax deed shall contain a summary statement of the matters and proceedings of such resale. * * *"

The deed in question contains the following recitals:

"Whereas, it appears from the records of the office of the county treasurer of Stephens county, state of Oklahoma, that the tract, parcel or lot of land lastly in this indenture described was offered, for sale at public auction on the 4th day of November, 1918, at the office of the county treasurer in the courthouse in and for said county for the taxes levied thereon for the year 1917, and it appearing that the said lands were legally liable for taxation, and had been duly assessed and properly charged on the tax book or duplicate for said year, and had been legally advertised for sale for said taxes, and there being no other bidder therefor offering the amount due thereon, the same was by said county treasurer on said date bid off in the name of said county of Stephens, state of Oklahoma, for the sum of $14.27, the same being the amount of taxes, penalties, interest and costs due and unpaid on the following described tract or lot of land returning delinquent' for nonpayment of taxes, costs and charges for said year, to wit: S. W. ¼, N. W. ¼, section five (5), township 18, range 5 W. I. M., according to the official survey thereof, in the county of Stephens, state of Oklahoma; and,

"Whereas, said tract, parcel or lot of land so sold as aforesaid to said Stephens county having remained unredeemed for a period of two years from said date of sale, and no persons having offered to purchase the same for the taxes, penalties and costs due thereon, the same was duly and legally advertised for sale at resale for said taxes, cost, penalty and interest, accrued on same, and so remaining due, delinquent and unpaid, and was on the 23rd day of November, 1920, by A. B. Garris, the undersigned county treasurer of said county, pursuant to said advertisement, offered for sale at public auction for cash at the office of the conuty treasurer in the courthouse in and for said county of Stephens, where by law the taxes are made payable, and was then and there sold to H. W. Sitton, in the manner required by law, for $75, he being the highest and best bidder therefor, and the said sum being the highest amount bid therefor, and. * * *"

Section 9743 provides that:

"If any real estate so purchased by the county shall remain unredeemed for a period of two years from date of sale, and no person shall offer to purchase the same for the taxes, penalty and costs due thereon, the county treasurer shall proceed to advertise and sell such real estate at public auction, as herein provided."

Section 9744 provides that:

"The treasurer shall give notice of the

sale of such real estate by the publication thereof once each week for four consecutive weeks preceding the sale. * * *"

When the recitals of the tax deed are read in the light of the foregoing sections of the statute, it is manifest that said deed is void. It is shown by these recitals that the land was bid off in the name of the county on October 4, 1918; the tax deed then proceeds to recite:

"That the said tract, parcel or lot of land so sold as aforesaid to said Stephens county, having remained unredeemed for a period of two years from said date of sale * * * the same was duly and legally advertised for sale at a resale for said taxes, * * * and was on the 23rd day of November, 1920, * * * sold to H. W. Sitton, in the manner required by law. * * *"

It will be observed that those recitals do not state the time when the advertisement was commenced, nor how long the notice was published. But it clearly appears that the notice was published subsequent to the 4th day of November, 1920, and that the resale took place on November 23, 1920, or within 18 days of the first publication.

Four consecutive weeks, as used in said section 9743, means 28 days. Cadman v. Smith, 15 Okla. 633, 85 Pac. 346. In this case the Supreme Court of the territory cites with approval, O'Hara v. Parker, 39 Pac. 1004, in which the Supreme Court of Oregon says:

"The validity of the tax deed remains to be considered. A number of infirmities therein are alleged. We shall notice but two. The first notice of sale was published in the weekly Astorian, June the 6th, and the last on June 27, 1885. The sale was had on Friday, July 3rd. A computation of the time during which this notice was published, by excluding fist day of publication and including the day of sale, shows the notice to have been published but 27 days. The statute requires the publication to be four weeks successively. This means 28 days."

In Cadman v. Smith, supra, the court says:

"The statute fixed the length of time notice should be given, and without giving notice as required by the statute and for the length of time prescribed, he was powerless to sell, and, by treasurer's deed, to convey the land in question. It follows that the sale made by the treasurer of the premises in question was void."

The recital in the tax deed in the instant case to the effect that the land involved was bid off by the county on November 4, 1918, and that it remained unredeemed for a period of two years, and that thereafter the same was duly and legally advertised for sale at resale, and was on the 23rd day of November, 1920, sold, in our judgment rendered the deed void and the court properly sustained the demurrer to the plaintiff's evidence. Lowenstein v. Sexton, 18 Okla. 322, 90 Pac. 410; Brady v. Dowdon, 59 Cal. 51; Eustis v. City of Henrietta, 91 Tex. 325; Salmer v. Lathrop, 10 S. D. 216.

The next contention of the plaintiff in error is based upon the limitation contained in said section 9746:

"And six months after said deed shall have been filed for record in the office of the county clerk, no action shall be commenced to avoid or set said deed aside."

It is earnestly contended that this provision bars any relief against a resale tax deed, unless the action or defense is filed within six months from the recording of the resale tax deed, and that this limitation applies whether the deed be void or valid.

With this contention we do not agree. The case of O'Keefe v. Dillenbeck, 15 Okla. 437, 83 Pac. 540, is cited as supporting the plaintiff's contention, but the court in that case was not dealing with a tax deed that was void upon its face, as in the present case. In that case the court expressly says:

"We have examined the record * * * and we can see nothing from an examination of the deed on its face that would render it invalid, and hence it would be admissible in evidence."

In Keller v. Hawk, 19 Okla. 407, 91 Pac. 778, it is said:

"A tax deed which is void upon its face is not admissible in evidence to support an adverse possession under a statute of limitation. A tax deed which is void upon its face cannot be aided by the statute of limitations."

In Blanchard v. Reed, 67 Okla. 137, 168 Pac. 418, 664, the court says:

"The tax deed being void, the recording of the same would not set in motion the statute of limitations."

As stated in Keller v. Hawk, supra:

"It is true that there are some cases holding that statutes of limitations will run against a void deed, but the weight of authority is against that doctrine and with the latter line of authorities are the decisions of the Supreme Court of the United States."

For the reasons stated, we recommend that judgment of the district court of

Stephens county in the case of H. W. Sitton v. W. L. Hernstadt be affirmed, and that the judgment of the district court of said county in the case of Alfred Diffie v. W. L. Hernstadt be affirmed under the stipulation before referred to.

By the Court: It is so ordered.

---

On Rehearing.

Opinion by RAY, C. The first complaint made of the former opinion is that the proof, contained in the record, that the first publication of the notice of resale was prior to the expiration of two years from the date of sale to the county, and that it was published once each week for four consecutive weeks immediately preceding the sale, was overlooked. It is contended that this proof rendered the resale deed valid under the holding of this court in Cochran v. Sullivan, 94 Okla. 23, 220 Pac. 874. A complete answer is that plaintiff brought this suit resting his right to recover on the resale deed, and asked to have the title quieted in him, and the defendant enjoined from interfering with his title or possession. He thereby tendered the resale deed, and not his right to a valid deed in issue. A resale deed, void on its face, cannot be made valid by proof that the holder is entitled to a valid deed. This court has recently held in Pierce v. Barrett, 83 Okla. 283, 220 Pac. 652; Adams v. Mottley, 97 Okla. 230, 223 Pac. 356; Adams v. Lockridge Grain Co., 100 Okla. 215, 229 Pac. 252, and Tibbetts v. Reynolds, 101 Okla. 119, 223 Pac. 185, that the resale deed must contain a statement of the acts and proceedings in connection with the tax sale and resale from which the court may determine that all legal requirements have been satisfied in order to constitute a resale deed valid on its face; and that a legal conclusion of the officer executing the deed, in lieu of a statement of facts, purporting to show the doing of a prerequisite act to validate a sale and resale of real estate for taxes renders the deed void upon its face. In this case the recital in the deed after showing that the land was sold for taxes and bid in by the county on the 4th day of November, 1918, continues:

"Whereas, said tract, parcel or lot of land so sold as aforesaid to Stephens county, having remained unredeemed for a period of two years from said date of sale, and no persons having offered to purchase the same for the taxes, penalties and costs due thereon, the same was duly and legally advertised for sale at resale for said taxes, cost, penalty and interest accrued on same, and so remaining due, delinquent and unpaid, and

was on the 23d day of November 1920,, by A. B. Garris, the undersigned county treasurer of said county pursuant to said advertisement, offered for sale at public auction for cash at the office of the county treasurer in the court house in and for said county of Stephens, where by law the taxes are made payable, and was then and there sold to H. W. Sitton, in the manner required by law, for $75, he being the highest and best bidder therefor. * * *"

In determining whether a deed is valid or void on its face the recitals of fact contained in it must be considered to the exclusion of all other evidence. By these recitals it is made to appear affirmatively that the publication of the notice was commenced after two full years from date of sale had expired and no one had appeared to redeem. The two year period for redemption expired November 4, 1920. The four consecutive weekly publications could not have been had between that date and the date of sale, November 23, 1920. These facts appearing in the recital in the deed, under the above cited cases, rendered the deed void on its face.

It is also contended that the opinion is in conflict with the opinion in O'Keefe v. Dillenbeck, 15 Okla. 450, 83 Pac. 437, on the question of the statute of limitation. In that case it was expressly stated that the question as to whether a deed void on its face, was sufficient to support the statute of limitation, was not involved and not decided. In all the above cited cases it was held that a resale tax deed, void on its face, is not sufficient to set the statute of limitation in operation where the right to recover is based upon the deed.

The former opinion is adhered to.

By the Court: It is so ordered.