## ROBINSON et al. v. BOARD OF COM'RS OF MARSHALL COUNTY et al.

No. 22085. Opinion Filed July 7, 1931.

Rehearing Denied July 28, 1931.

Reuel W. Little, for plaintiffs in error.

Geo. E. Rider, Kelley & Grigsby, E. S. Hurt, Co. Atty., Stanley Cunningham, and Don Welch, for defendants in error.

McNEILL, J. On the 26th day of September, 1930, plaintiffs filed their petition in the district court of Marshall county against the board of county commissioners of said county, consisting of J. W. Colby, W. L. Winston, and C. H. Duren; A. C. Byrd, as county clerk; C. T. Morris, as county treasurer; Cecil Trammell, as county superintendent; E. S. Hurt, as county attorney; I. O. Lewis, as county judge; Edd Long, as sheriff; W. J. Bell, as county tax assessor; J. M. Scott, as county clerk; also, I. O. Lewis, A. C. Byrd, Cecil Trammell, and W. J. Bell, individuals above named as members of the excise board. The parties appear as in the court below.

The district court sustained a demurrer to plaintiffs' petition and sustained a motion to dismiss the same, and the plaintiffs appeal. The plaintiffs alleged, in substance, that they are residents, citizens and taxpayers of Marshall county, and that this action is brought on their own behalf and on behalf of other taxpayers of Marshall county; that the biennial session of the Legislature of Oklahoma enacted into the form of law what is referred to as House Bill No. 25, chapter 318, Session Laws of 1929, being a special and local law relative to the officers of Marshall county, and which provides for salaries of the county attorney, sheriff, county clerk, county tax assessor, county treasurer, county superintendent, county clerk, and county judge, in excess of that allowed by existing law in the sum of $450 each per year, and which provides for a fixed salary for the members of the board of county commissioners in the sum of $100 per month, which is different from and far in excess of that allowed by existing law; that the act also confers upon the county attorney, county clerk and county treasurer the power to appoint deputies at salaries in excess of that allowed by the general law. It is also alleged that defendants and each of them were seeking to carry out the same, by authorizing and issuing warrants in payment thereof, and authorizing and causing a levy of additional taxes for such purposes to be extended upon the tax rolls of said county for the year of 1930-1931; that said House Bill No. 25 is a local and special law, and that its attempted enactment by the Legislature, as was done, violated the inhibition of the Constitution as expressed in section 32 of article 5 thereof, in that the purported notice of the intended introduction of said proposed bill did not set out in substance the contents of the bill, and in that said bill was introduced, entertained, and "given heed" to and passed and signed by the Speaker of the House prior to the time the purported notice had been published for four consecutive weeks in a weekly newspaper, published and of general circulation in Marshall county, and also prior to the time the verified proof of said publication was filed in the office of the Secretary of State. A copy of said section of the Constitution is pleaded in full, and notice with proof of the publication thereof are set out in full as exhibits

to said petition. The publisher's affidavit shows that said notice was published in the Madill Record on May 2nd, May 9th, May 16th, and May 23, 1929, and that the proof of publication was filed in the office of the Secretary of State of Oklahoma on June 3, 1929. It is further alleged that said bill was introduced into the House of Representatives and read the first time on the 17th day of May, 1929, thereafter was advanced to engrossment and third reading, without reference to a standing committee or a committee of the whole, and on May 21, 1929, was read a third time and passed with the emergency clause and ordered re-engrossed; that after it was re-engrossed, on May 22, 1929, it was signed by the Speaker, and ordered transmitted to the Senate; that on May 23, 1929, it was received by the Senate and read for the first time in the Senate; that on May 24, 1929, the bill was read the second time in the Senate, and, on motion, the rules of the Senate were suspended and the bill was ordered placed on the calendar without reference to a committee; that on June 4, 1929, the bill was advanced to engrossment and third reading and passed with the emergency clause, signed by the president pro tempore and transmitted to the house; that on June 5th it was received by the house, was enrolled, read a fourth time, signed by the Speaker, and transmitted to the Senate, and on June 6, 1929, the bill was again received by the Senate, and thereafter the bill took the usual course, was passed by the Senate, returned to the House, enrolled, signed by the Speaker, read and signed by the President pro tempore of the Senate, and was signed by the Governor on June 12, 1929.

It is further alleged that said House Bill No. 25 is unconstitutional and void for the reason that it is prohibited by subdivisions B and M of section 46 of article 5 of the Constitution of Oklahoma, and is prohibited by section 59 of article 5 of said Constitution, and said sections of the Constitution are pleaded in full.

It is further alleged that all of such acts done and intended to be done by the defendants were and are without authority of law, and that the plaintiffs have no adequate remedy at law.

The prayer of plaintiffs' petition is, in substance, that the defendants be perpetually enjoined from authorizing, issuing, or causing to be issued warrants of said county, making a budget or levying a tax in payment of the salaries, as provided in said House Bill No. 25, and that said act be declared unconstitutional.

We will first consider the contention of the plaintiffs that the enactment of said House Bill No. 25 violated the inhibition of the Constitution in that section 32 of article 5 thereof was not complied with. Said section of the Constitution is as follows:

"Special or Local Law—Advertisement. No special or local law shall be considered by the Legislature until notice of the intended introduction of such bill or bills shall first have been published for four consecutive weeks in some weekly newspaper published or of general circulation in the city or county affected by such law, stating, in substance, the contents thereof, and verified proof of such publication filed with the Secretary of State."

The publication notice of the intended introduction of said bill as pleaded is as follows:

"Notice of Intended Introduction of Legislative Enactment. The citizens of Marshall county, Okla., are hereby notified that the undersigned member of the house of representatives of the Twelfth Legislature of the state of Oklahoma, intends to, and will, introduce a bill relating to the salaries of the various county officers, their assistants, and deputies, repealing all acts in conflict therewith and declaring an emergency.

"Such bill will be introduced at the Extraordinary Session of the Twelfth Legislature of the State of Oklahoma.

"Dated this, the 30th day of April, 1929.
    "D. L. Faulk, Member of the State House of Representatives of the State of Oklahoma."
"Pub. May 2-9-16-23-4th."

It is first contended by the plaintiffs that the purported notice did not set out, in substance, the contents of said bill, and that as the bill was introduced and passed in the house before the notice of the intended introduction of the bill had been published for four consecutive weeks, and verified proof of said publication had been filed in the office of the Secretary of State, there was not a compliance with said section 32 of article 5 of the Constitution. It is the contention of the defendants that the Legislature is the sole judge of the question of the publication of such notice, and that we must presume that conclusive proof of such publication was exhibited to it before the passage of the act. They contend, in substance, that were such not the rule, the courts in every case, where the validity of a local or special act of the Legislature is questioned because of the insufficiency of

the notice or of the failure to publish a sufficient notice of the intention to introduce the act, would have to go back of the certificate of the presiding officers of the two Houses, and permit a resort to the Journals of the Houses of the Legislature to establish the facts concerning the publication of the notice. Such contention has no weight in this case. It appears from the proof of the publication of said notice of intention to introduce said bill, and from the bill itself, both of which, under the provisions of the Constitution and laws of this state are required to be kept on file in the office of the Secretary of State, that said notice was not published for four consecutive weeks before said bill was introduced and considered by the Legislature. Said section 32 of article 5 of the Constitution does not provide that a copy of the bill intended to be introduced shall be published, but it does provide that said notice shall state, in substance, the contents thereof. The notice in this case did not do this, is wholly insufficient, and did not apprise the citizens and taxpayers of Marshall county of the contents of the bill to be introduced. In support of their contention, the defendants cite a number of cases from the courts of other states, but none of which bear directly upon the question under consideration except the following: Speer v. Mayor of the City of Athens, 85 Ga. 49, 11 S. E. 802, 9 L. R. A. 402; Cox v. Pitt County, 146 N. C. 584, 60 S. E. 516, 16 L. R. A. (N. S.) 253; Waterman v. Hawkins, 75 Ark. 120, 86 S. W. 844. These cases construe constitutional provisions widely different from the constitutional provision now being considered, and can easily be differentiated.

In the case of Spear v. Mayor of the City of Athens, the Supreme Court of Georgia construed article 3, par. 16 (Code section 5075) of the Constitution of that state, which is as follows:

"No local or special bill shall be passed unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall be given at least 30 days prior to the introduction of such bill into the General Assembly, and in the manner to be prescribed by law. The evidence of such notice having been published shall be exhibited in the General Assembly before such act shall be passed."

In accordance with said constitutional provisions, the Legislature of Georgia passed an act prescribing how the notice shall be published, and, in substance, as stated in said decision:

"The Legislature itself is made the judge of the evidence as to whether the proper notice has been given or not before the introduction of the bill."

Under the provisions of the Georgia Constitution and the statutes of that state, the proof of the publication of the notice required must be submitted to the General Assembly, which is made the sole judge of whether the act has been complied with, while, under said section 32 of article 5 of our Constitution, the proof of the publication must be filed with the Secretary of State, and it is not provided therein, or in any Oklahoma statute, that the Legislature shall be the sole judge as to whether publication of the notice has been made as required by said constitutional provisions. In the Georgia case, it was held:

"Whether proper notice has been given before the introduction of a local or special bill is for decision by the Legislature, and where an act is attacked as unconstitutional for want of such notice, evidence in regard thereto outside of the journals of that body will not be received by the courts."

It is apparent from the record in the instant case that the evidence necessary to establish the insufficiency of the notice of the intended introduction of said House Bill No. 25 can be found in the public records and files of the office of the Secretary of State.

In the case of Waterman v. Hawkins, supra, the Supreme Court of Arkansas construed the constitutional provisions of section 26 of article 5 of the Constitution of 1874, which is as follows:

"No local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall be at least 30 days prior to the introduction into the General Assembly of such bill, and in the manner to be provided by law. The evidence of such notice having been published shall be exhibited in the General Assembly before such act shall be passed"

—and held that, the General Assembly being the sole judge as to whether such notice had been properly given, it will be conclusively presumed by the courts that such notice was properly published. Under said provisions of the Arkansas Constitution, the proof of the publication of the notice of intention to apply for a special or local act shall be exhibited to the General Assembly, while under the provisions of our Constitution proof of such publication of notice

shall be filed in the office of the Secretary of State.

The case of Cox v. Pitt, supra, is differentiated from the instant case, in that the provision of the North Carolina Constitution, section 12 of article 2 of Constitution of North Carolina, simply provides that:

"The General Assembly shall not pass any private law, unless it shall be made to appear that 30 days' notice of application to pass such a law shall have been given, under such direction and in such manner as shall be provided by law,"

—and contains no provision for the manner of the publication of notice or filing proof thereof in any public office.

In our opinion these authorities do not sustain the contention of the defendants, and we prefer to follow the former decisions of the court hearing on the question. A question almost identical with the case at bar was considered by this court in the case of Rodolph v. Board of Com'rs of Tulsa County, 122 Okla. 120, 251 Pac. 740. In that case the court said:

"Looking to the Constitution of Oklahoma, it says 'until notice of the intended introduction of such bill shall be published for four consecutive weeks.' Thus it is clear that a bill cannot be introduced which is of a special or local character until the prerequisites above set out have been complied with. It may not be considered amiss in the light of the numerous inhibitions of the Oklahoma Constitution against the passage of special or local laws to state that such enactments are not favored by the Constitution. If passed at all, they must be introduced after the period of notice has run and proof of notice filed with the Secretary of State. As we view it, it was not foreign to the intention of the framers of the Constitution that when a member of the Legislature sought to introduce a special or local law, he should first present to the Legislature proof of publication of notice as required by section 32, article 5, supra, and proof that the same had been filed with the Secretary of State; and that this should be made a part of the record of the Legislature, and when that was done, it then became in order for the first time to introduce the bill. This procedure certainly would obviate the time taken by the Legislature on local and special laws where this constitutional provision has not been complied with. Cadman v. Smith, 15 Okla. 633, 85 Pac. 346; Smith v. Bostaph, 103 Okla. 258, 229 Pac. 1039; Sitton v. Hernstadt, 106 Okla. 140, 233 Pac. 676.

"Applying these rules to the instant case, we find from the record that the first publication of the notice was made on February 11th. The period of notice would not run until March 11th. On February 11, the bill was introduced in the House of Representatives. We find that proof of this notice was not filed with the Secretary of State until March 5, 1925. That the bill was actually passed on March 9th, by the lower House and signed in open session by the Speaker, and that this action was before the expiration of four consecutive weeks from the date of the first publication, to wit, the 11th day of February. The defendants say that the intent of such a constitutional provision is to give persons interested an opportunity to be heard before the legislative body. Without deciding that this is the sole purpose, the persons interested would certainly have had a right to be heard after the publication had run for four consecutive weeks, or after the expiration of 28 days from the first publication.

"Had they so desired to be heard, they would have found that the bill had already been passed by the House of Representatives on final roll call and delivered to the Senate on March 9th, where it was forthwith enacted, and approved by the Governor on the 13th of March, 1925."

The plaintiffs also contend that said act, being a special or local law, violates section 59 of article 5 of the Constitution. Said section of the Constitution is as follows:

"Laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special laws shall be enacted."

Said House Bill No. 25 repeals the general law of the state providing for compensation for county officers, in so far only as the same applies to Marshall county, and by its terms provides different compensation for such officers in Marshall county than that provided for such officers in the other counties in the state. The salaries provided for therein are not based upon the proposition that the more populous the county the more work the officers will have to do, and is not based upon any classification of counties, but is purely arbitrary and local and special in its nature. It has been the uniform holding of this court that such acts contravene section 59 of article 5 of the Constitution, and are unconstitutional and void. Board of Commissioners of Oklahoma County v. Beatty, 67 Okla. 281, 171 Pac. 34; Key v. Donnell, 107 Okla. 157, 231 Pac. 546; White v. Infield, 122 Okla. 4, 250 Pac. 81; Diehl v. Crump, 72 Okla. 108, 179 Pac. 4; Levine v. Allen, 96 Okla. 252, 221 Pac. 771; School District No. 85, Kay County, v. School District No. 71, Kay County, 135 Okla. 270, 276 Pac. 186; Roberts v. Ledgerwood, 134 Okla. 152, 272 Pac. 448.

It is also contended by the defendants

that the plaintiffs have an adequate remedy at law by proceeding in accordance with Initiative Petition No. 100, wihch appears in Harlow's 1929 Supplement as, sections 9584a to 9584k, and are precluded from the remedy by injunction as provided in section 420, C. O. S. 1921 (R. L. 1910, section 4881). As was stated by this court in Rodolph v. Board of Com'rs of Tulsa County, supra, Session Acts 1915, chapter 107, art. 1, subd. B, sec. 7, modified said section 420, C. O. S. 1921, but "it did so only to the extent of requiring the individual taxpayer to pay his tax alleged to be illegal, and then by suit to recover the same," and it was held in that case that the taxpayer had a remedy by injunction to prevent the unlawful expenditure of public funds and the making of contracts to incur a public indebtedness without sanction of law. The law, known as Initiated Petition No. 100, was enacted to supersede chapter 107, art. 1, subd. B., sec. 7, Session Laws 1915, section 9971, C. O. S. 1921, known as the tax protest law, and was for the purpose of extending the benefits of recoveries made by the taxpayer in any suit to all taxpayers, and to provide a complete remedy for illegal levies and for the recovery of taxes illegally collected. Our statutes provide that all levies must be based upon estimates made of the needs of the several county officers, and the said initiated law provides a remedy for an illegal levy, but it affords no remedy for this class of cases. There is nothing in said law that prescribes that it shall be an exclusive remedy against an unlawful expenditure of public funds, and the taxpayer still has the right of the remedy by injunction, as provided in said section 420, C. O. S. 1921. In view of the conclusion reached, it is unnecessary to discuss the other contentions made against said House Bill No. 25.

The purpose of this suit is to enjoin the making of a budget, the levying of a tax, and the authorization and issuance of warrants for the purpose of paying the amounts of salaries provided in said House Bill No. 25, for the fiscal year ending June 30, 1931, which are in excess of those provided by the general law applicable to the state at large. The term of office of each of the officers named as defendants has expired at this time by operation of law except that of one of said county comissioners. To the extent that the official acts of said officers sought to be enjoined have been performed, the matters in controversy are moot. However, the question involved is of public concern, and should be determined at this time.

The judgment of district court is therefore reversed, with directions for further proceedings not inconsistent with this opinion.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., not participating.