THE STATE, EX REL. ROBERT STROUD, v. JOHN GOULDEY.

Section 3 of the act of May 11th, 1886 (*Rev. Sup.*, p. 510), by which the term of office of the members of the city council, &c., is made three years, does not apply to the alderman of Atlantic City who is *ex officio* a member of the common council, and elected annually.

On *quo warranto* information.

Argued at June Term, 1889, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

For the relator, *A. Stephany.*

For the defendant, *Joseph Thompson.*

The opinion of the court was delivered by

SCUDDER, J.   The relator was chosen alderman of Atlantic City at the annual election held on March 12th, 1889.   On

·March 13th, 1888 the defendant, John Gouldey, was chosen alderman at the annual election, and holds over after the expiration of one year, claiming that his term of office is extended to three years by section 3 of the act of May 11th, 1886 (*Rev. Sup.*, *p.* 510), which says, " that the term of office of the members of the city council or other governing body hereafter elected in any city of this state shall be three years, notwithstanding any provision to the contrary in the charter of any such city," &c.

. By section 3 of the charter of Atlantic City (*Pamph. L.* 1866, *p.* 315), the mayor, alderman and common council of said city shall constitute the city council, &c.

Section 4 enacts that an election by ballot shall be held annually, at which election one mayor, one recorder, one alderman, six councilmen, and other named city officers, shall be chosen, which said several officers shall hold their respective offices for one year, except in the case of the trustees of common schools, and until others shall be chosen and legally qualified in their stead.

By a supplement to the charter, approved April 8th, 1875 (*Pamph. L.*, *p.* 518), there shall be elected nine councilmen instead of six.

Section 1 of the act of 1886 extends the term of office of any mayor thereafter elected in any city of this state to two years; and section 2 enacts that no mayor thereafter elected in any city of this state shall preside over the council, board of aldermen or other municipal legislative body of such city.

By these statutes the common council of Atlantic City consists of one alderman and nine councilmen, and the term of those elected as councilmen has been extended from one year to three years. The defendant, who was elected as an alderman, claims that by the terms of the statute he also holds his office for three years, and, on demand of the relator, refuses to yield up the office to him.

By section 12 of the act of 1866, the original charter, the alderman is authorized to administer the oath of office to other city officers; by section 13 he is required to give bond condi-

tioned for the true and faithful performance of all the duties of his office; by section 14 he is authorized and empowered to hold courts and take cognizance of offences against the laws and ordinances of the city, and over persons disturbing the peace and quiet of said city; and by section 16, "the mayor, recorder and alderman of said city, and each of them, shall have the same jurisdiction in all matters of a criminal nature, and in all matters of a civil nature, that the justices of the peace, or any of them, now have by the laws of New Jersey, such jurisdiction to be exercised only within the bounds of Atlantic City; and further shall have power to try and determine all cases of assault and battery, petty larceny and similar cases occurring within the limits of said city."

It appears by these citations that the alderman elected in Atlantic City performs two distinct functions, judicial and legislative; that as alderman his term of office has not been changed from the term of one year named in the original charter, while it is claimed that as a member of the city council his term is extended to three years by the act of 1886. If this was the intention of the legislature they have failed to express it, and the defendant cannot hold his office by an implication so incongruous with the other terms of these statutes. It is our duty to harmonize them if we can, and this may be done by saying that the alderman holds his office, both judicial and legislative, for the term of one year, and the councilmen for the term of three years; that these offices are dictinct, and the latter does not include the former. The alderman is *ex officio* a member of the council, while the nine members of council are distinctively elected to that office, having no other designation or duties than such as peculiarly belong to this office, and are, therefore, primarily known and spoken of as members of the city council.

The defendant is guilty of an unlawful holding, both as to the office of alderman and councilman, since the election of the relator to succeed him, and judgment of ouster will be given against him.