## PALMER et al. v. YALE CONSOLIDATED SCHOOL DISTRICT et al.

No. 15975—Opinion Filed Nov. 24, 1925.

### 1. Schools and School Districts—Limit of District Tax Levy.

A school district is not authorized to cause a tax levy to be made in any one year for school purposes in a sum greater than a 15-mill levy.

### 2. Same—Right to Transfer Pupils—Funds for Transfer Fees.

The right of one school district to transfer pupils from its district to another is dependent upon the district causing a levy to be made, and available for paying the transfer fee to the district receiving the pupils. The levy for the transfer fees must be within the 15-mill levy authorized by the Constitution.

### 3. Judgment Sustained.

Record examined; held, to support judgment for the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Payne County; Chas. C. Smith, Judge.

Action by G. W. Palmer against the Yale Consolidated School District to cause the school district to receive his children who were transferred from Consolidated District No. 1, and action against the Excise Board of Payne County to compel the excise board to make a levy for the cost of transfer against the property of Consolidated District No. 1. Judgment for defendants, and plaintiff appeals. Affirmed.

John P. Hickam, for plaintiffs in error.

J. W. Reece, Co. Atty., for defendant in error Excise Board.

L. G. Lewis, for defendant in error Yale Consolidated School District.

Opinion by STEPHENSON, C. G. W. Palmer made application to the county superintendent of Payne county, as provided by statute, for the transfer of his children from consolidated district No. 1 to the Yale consolidated district, for the school year 1924-25. The county superintendent made the order for the transfer and gave notice of such transfer to all interested parties, as provided

by statute. The board of education of Yale consolidated school district refused to receive the children of the plaintiff as pupils in its school for the year named. The plaintiff commenced his action against the school board of Yale consolidated district to compel the board to receive his children for instruction in the Yale school for the year in question. The school board answered that consolidated district No. 1 had not caused a levy to be made for the current school year to pay the transfer fees to the Yale district, and that it was not required to give instruction to Palmer's children without compensation from the district in which the children lived, and from which they were transferred. Thereupon G. W. Palmer made application to the court to cause the excise board to be made a party defendant, and that the board be compelled to make a levy to pay the transfer fee to Yale consolidated district for plaintiff's children. The excise board was made a party defendant and filed its answer in the cause to the effect:

(1) That consolidated school district No. 1 had filed its estimate for the current school year with the excise board, and had included therein transfer fees in the total of $1,700.

(2) That the $1,700 item, plus the current estimated needs of school district No. 1, would exceed a 15-mill levy for school purposes for the school year 1924-25, to the extent of the $1,700 item.

(3) That the excise board consulted with the members of the school board of school district No. 1, as to the items which might be eliminated with less inconvenience to the district in the conduct of its school for the current year.

(4) That as a result of the conference between the excise board and the members of the school board of district No. 1, it was decided to eliminate from the estimate the $1,700 item for transfer fees.

It required a 15-mill levy to meet the estimated needs of school district No. 1, after the elimination of the $1,700 item for the school year in question. The excise board caused a levy to be made in the amount of 15 mills for school purposes, less the item for the transfer fees. The main facts involved in this controversy are not disputed. The plaintiff and superintendent complied with the statutes in every respect, so far as they were able, to effect the transfer of plaintiff's children from school district No. 1 to the Yale consolidated district. It appears that the school board of consolidated district No. 1 and the excise board were confronted with the problem of exceeding the 15-mill levy, if the full estimate was levied for the current year. It appears that the parties in the exercise of their judgment eliminated the item estimated for transfer fees, so as to reduce the estimated needs to 15 mills. The judgment and action of the parties in reducing the estimated needs are not questioned by the plaintiff in error. It is not said that the parties acted in bad faith, or in a way that was not for the best interest of school district No. 1, in eliminating the item of $1,700.

The plaintiff in error presents the proposition of school district No. 1 levying a sum in excess of 15 mills for school purposes. Section 9 of art. 10 of our Constitution fixes the limitation for school district levies at 15 mills. The levy of 15 mills cannot be exceeded by a school district for school purposes in any year. The school district is controlled by the limitation fixed by the Constitution, and any action of the school district, or excise board, in excess of the limitation fixed by the Constitution, is null and void. It follows that the judgment of the trial court in denying the plaintiff in error the relief prayed for, should be affirmed.

It is so recommended.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. p. 1002. (2) 35 Cyc. pp. 1003 (Anno.), 1116 (Anno.). (3) 4 J. p. 1129, §3122.