## SCHOOL DISTRICT NO. 78, GRADY COUNTY, et al. v. SCHOOL DISTRICT NO. 51, GRADY COUNTY.

No. 24862. May 11, 1937.

Rehearing Denied June 15, 1937.

Bond, Hatcher & Bond, for plaintiffs in error.

Owen Vaughn, for defendant in error.

PER CURIAM. This was an action brought by school district No. 51, of Grady county, Okla., against school district No. 78, of said county, and members of the board of said district, for the recovery of the sum of $87 alleged to be due as transfer fees by reason of the transfer of a pupil from the defendant district to the plaintiff district for the school year 1931-1932. Judgment was rendered in the district court for the plaintiff for the amount sued for, and defendant has appealed. The parties will be designated as in the court below.

It was stipulated at the trial that the minutes of the annual meeting of the defendant district make no mention of transfer fees. It was further agreed that the transfer was legally made.

There was introduced in evidence by the defendant the estimate made by the defendant school district for its needs for the fiscal year ending June 30, 1932. That estimate did not show any transfer fees. When this was acted upon by the excise board, the said board added thereto an item of $150 for transfer fees.

The defendant introduced evidence to the effect that this item of $150 added as transfer fees by the excise board was not advertised and published by the excise board in some newspaper of general circulation in the county.

The trial court sustained a demurrer to the evidence of the defendant district and rendered judgment for the plaintiff.

The only question we have for consideration here is whether the defendant school district became liable by reason of the action of the excise board in adding the new item of $150 transfer fees in the manner above set out and making the appropriation therefor.

We have carefully read the briefs of counsel for both plaintiff and defendant, but in order to decide this case do not deem it necessary to go into a lengthy discussion of the matters there presented.

With reference to the authority and duty of an excise board, section 12677, O. S. 1931, provides:

"* * * The said board shall have power and authority to revise and correct any estimate certified to them by either striking items therefrom, increasing, or decreasing items thereof, or adding items thereto, when in its opinion the needs of the municipality shall require. * * * And in no event shall any item or items of the estimate for

current expense purposes be increased, or any item added thereto, until such proposed increase or additional item shall have been advertised and published by the excise board in some newspaper of general circulation in the county, in one issue, if published in a weekly paper, and two consecutive issues, if published in a daily paper.* * *"

The making of the transfer and the attendance of the pupil alone does not create a liability against the district making such a transfer. This was so held in the case of School District No. 85, Kay County, v. School District No. 71, Kay County, 135 Okla. 270, 276 P. 186. It was further held in that case that the excise board has no authority to arbitrarily create an item in the estimate of a school district for transfer fees as provided by section 7072, O. S. 1931, and that act of the Legislature in its mandatory features is contrary to the constitutional provisions enumerated, and so void.

In that case the excise board of Kay county, of its own volition, without suggestion or approval on the part of either school district affected thereby, inserted an item in the estimated needs of school district No. 85 for the fiscal year ending June 30, 1924, for "transfer fees," which item so inserted increased the total amount of the estimated needs of the school district. There was no advertisement by the excise board of the increased estimate so made and approved as required by the statute (section 9698, C. O. S. 1921, section 12677, O. S. 1931).

Justice Riley goes into a lengthy discussion of the statutes applicable to transfers and transfer fees, and the court holds that the right of a public school district to maintain an action for transfer fees is dependent upon an estimate made and approved, in which is included an item to pay such transfer fees. In that case we find the following language from this court:

"We now approach the question involved in the second cause of action—Can an excise board arbitrarily create an item in the estimate of a school district for transfer fees? Section 10607, supra, so provides. However, the item so inserted in the estimated needs of the school district for the fiscal year ending June 30, 1924, was noneffective and void for the reason the same increased the estimate made and because it was not advertised as required by section 9698, C. O. S. 1921. C., R. I. & P. Ry. Co. v. Pourron, supra.

"We observe that counsel for appellee, in discussing the Pourron Case, supra, say that case is not in point, for there the excise board was proceeding under the general statute, which in effect admits that the transfer law here considered is a special statute. We cannot but conclude that the general law was applicable relative to the duty of making the estimate of the needs of the school district, including transfer items, together with all other items of the estimate. The general law contemplated that the district was a body from whence should come the estimate made, and as applied to other items of the estimate made, it has never been found necessary to provide by statute that in the event the district failed to include an item, some outside approving or regulating board should so do. The excise board's duty is to exercise its prerogatives in adjustment of the estimate made, if necessary, and to approve the same, whereupon the same becomes the estimate made and approved."

In the case of School District No. 4 of Garfield County v. Independent School District No. 4½ of Garfield County, 153 Okla. 171, 4 P. (2d) 1031. the question was again before this court. There applications were made to the county superintendent for transfer of high school and grade students from one district to another. The school board of the defendant district made an estimate and authorized a levy of one mill for transfer fees for high school students, but it refused to make an estimate or to authorize a levy for the transfer of grade students. The excise board made an appropriation and fixed a rate of levy which included two mills additional for transfer tuition charges for 16 grade students. This was done without any request or suggestion on the part of the defendant or its school board and without any notice by publication or otherwise to the defendant. This action of the excise board increased the appropriation for transfer fees from $700, estimated by the school district board for high school students, to a total of $1,149.80. Suit was brought for the recovery of transfer fees for the grade students, and judgment was rendered therefor. This court reversed the action of the trial court, and we quote the following from that opinion:

"A similar question was presented to and answered by this court in School Dist. No. 85, Kay County, v. School Dist. No. 71, Kay County, 135 Okla. 270, 276 P. 186. Therein there is an extended discussion of the law. We do not consider it necessary to prolong this opinion further than to say that it was therein held that section 10607, C. O. S. 1921, relied upon by the plaintiff, was held to be unconstitutional and void and that section 10606, C. O. S. 1921, is directory but not mandatory. On the basis of that decision, the judgment in this cause must be reversed."

In the case of Chicago, R. I. & P. Ry. Co. v. Pourron, 118 Okla. 80, 246 P. 835, it was

held that the county excise board was without authority to increase the estimate made by the townships for road drag tax without first having advertised the proposed increase, as provided by section 9698, C. O. S. 1921. See, also, City of Ardmore v. Excise Board of Carter County, 155 Okla. 126, 8 P. (2d) 2.

The plaintiff here contends that, because a member of the school district board learned about three months after school had been started that this transfer had been made, and further because the defendant district board went before the excise board on May 28, 1932, and had this item of $150 transfer fees transferred to maintenance, that this made the district liable. Unless there was a legal appropriation for transfer fees in the first instance, we fail to see how the action of the excise board in transferring the fund would make any difference. Nor does the fact that the school district board later learned about the transfer of this pupil make any difference, in our opinion, because the evidence showed that they did not include in the estimate an item for transfer fees and no legal appropriation therefor was made.

It might be said that such rule works a hardship on the plaintiff district, but such district had a right to determine for itself whether legal appropriation had been made for the payment of transfer fees, and to reject said pupil in case legal appropriation for transfer fees had not been made. Unless a legal appropriation was thus made, there is no liability, and even though it be admitted by the defendant district that the transfer was legally made, this court has held that the mere fact that the transfer is made and the pupil attends the school does not create a legal obligation to pay unless proper estimate and legal appropriation is made therefor.

Since a recovery for transfer fees is dependent upon an appropriation therefor, and since there was no such item contained in the estimate prepared by the defendant district board for the fiscal year ending June 30, 1932, there can be no recovery.

The statute was not complied with in this case. The excise board added the item of $150 for transfer fees, but did not advertise and publish the item in conformity to section 12677, O. S. 1931, and the same is noneffective and the appropriation void.

We hold that no legal appropriation was made for transfer fees and that the trial court committed error in rendering judgment for plaintiff, and that this cause should be reversed and remanded, with instructions to the lower court to vacate said judgment.

The Supreme Court acknowledges the aid of Attorneys J. Cal Counts, V. P. Crowe, and C. D. Ellison in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Counts and approved by Mr. Crowe and Mr. Ellison, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

BAYLESS, V. C. J., and BUSBY, PHELPS, CORN, and HURST, JJ., concur.