**WILKINSON v. HALE et al.**

No. 28403.    Jan. 10, 1939.

Hughey Baker and W. C. Franklin, for plaintiff in error.

Paul P. Pinkerton, for defendants in error.

DAVISON, J. This is an action in mandamus presented to this court on appeal from a decision of the district court of Tulsa county denying the writ.

This plaintiff (plaintiff in error in this court) is by profession a school teacher. Prior to the time the case was tried in September, 1937, she had taught 15 years, 12 of which had been in school district No. 19 of Tulsa county, which included within its territorial limits the city of Sand Springs.

In March of 1937, while she was teaching the school year of 1936-37, but prior to the completion thereof, she was formally notified of action by the board of education of district No. 19 whereby she had been selected as one of the teachers of the district for the ensuing school year of 1937-38. However, no action of a similar character was taken by the board subsequent to the commencement of the fiscal year on July 1, 1937, but, on the contrary, she was notified in August, 1937, that her services would not be required.

Plaintiff thereupon commenced this action in mandamus to compel the board of education of school district No. 19 to classify and reinstate her as a teacher in said district.

As we understand the briefs in this case, it is conceded that the board of education had no authority to enter into a valid contract employing a teacher for the school year of 1937-38, prior to the commencement of the fiscal year on July 1, 1937, and that the plaintiff's hope of prevailing in this action rests solely upon the provisions of article 16, chapter 34, S. L. 1936-37 (Senate Bill No. 139), known as the Teachers Tenure Law, which was passed with an emergency clause incorporated and approved on May 3, 1937.

The act is calculated to afford a measure of security to teachers employed by school districts situated in the sections of the state to which it is applicable. It provides for the classification of teachers in accordance with their past experience, employment, and contemplates that they cannot be discharged or replaced without cause.

The defendants urge, among other contentions, that article 16, chapter 34, S. L. 1936-37, supra, is in violation of section 46, article 5, of the Oklahoma Constitution, prohibiting local or special laws "regulating the management of public schools," and section 59, article 5, of the Oklahoma Constitution, providing that laws of a general nature shall have uniform operation throughout the state, and that where a general law can be made applicable no special law shall be enacted.

The position taken by the defendants is based upon the limited application of the law as indicated by chapter 34, article 16, section 1, S. L. 1937, as follows:

"In all counties in the state having a city therein of over one hundred thousand (100,000) population according to the last preceding regular decennial federal census, there is hereby established a legal procedure for the proper selection in the employment of teachers in the public schools of the several districts within said counties and the conditions under which they may be discharged or demoted."

By reason of the foregoing provision, the law is placed in operation only in those school districts situated in Oklahoma and Tulsa counties, to the exclusion of districts situated in all other portions of the state.

It is not essential, in order that a law be general in its operation as distinguished from local or special, that it be universal in its application and operate the same in every section of the state and upon all persons, individuals or corporations alike. On the contrary, the Legislature may classify for legislative purposes, but a classification so adopted must be neither arbitrary nor capricious and must bear a reasonable relation to the object to be accomplished. Key v. Donnell, 107 Okla. 157, 231 P. 546. When a classification is attempted, its reasonableness is tested by the rule announced by this court in School District No. 85, Kay County, v. School District No. 71, Kay County, 135 Okla. 270, 276 P. 186, where we said in paragraph 4 of the syllabus:

"Local or special laws are all those that rest on a false or deficient classification. Their vice is that they do not embrace all the class that they naturally embrace. They create preference and establish inequality. They apply to persons, things, and places possessed of certain qualities or situations and exclude from their effect other persons, things, or places which are not dissimilar in this respect."

We are here confronted with an act applicable to school districts situated in only two counties of this state and those two counties are selected to the exclusion of others upon the basis of the existence therein of cities containing more than 100,-000 population. The capricious nature of the classification adopted and its effect in making the law "apply to persons, things, and places possessed of certain qualities and exclude other persons, things or places not dissimilar," is singularly illustrated in the case at bar. Application of the law is here sought in connection with the management of the school system in the city of Sand Springs, a city of approximately 8,-000 population. What peculiarity of that school district distinguishes it from the many other school districts of the state outside Tulsa and Oklahoma counties containing cities of similar size?

What substantial difference distinguishes the school system of Sand Springs from the school systems of the many other towns of Oklahoma of comparable area and population? No real distinction is pointed out by the plaintiff, nor can any be perceived by us. There is no connection between the population of the principal city in a county and the employment of teachers in the school districts of the county, especially in those districts lying outside the corporate limits of the principal city. The absence of distinctive feature renders the law objectionable on constitutional considerations. In Burks v. Walker, 25 Okla. 353, 109 P. 544, we said:

"There must be some distinctive characteristic upon which a different treatment may be reasonably founded, and that furnishes a practical and real basis for discrimination."

In Key v. Donnell, supra, it was stated that:

"When the Legislature attempts to legislate upon any subject and makes classification by reference to population, that classification must be legitimate and bear some reasonable relation to the subject matter and must not be an arbitrary or capricious classification and used as a subterfuge for the purpose of passing a special law under the form of a general law."

And in Roberts v. Ledgerwood, 134 Okla. 152, 272 P. 448, our language was particularly appropriate to the case now before us. We said:

"* * * As to the two counties affected, there is no distinctive characteristic upon which a different treatment as to them may be reasonably founded, neither is there a characteristic shown which furnishes a practical and real basis for discrimination against the other counties of the state. The

classification, therefore, becomes arbitrary and without relation to the subject matter, and fails to show that the two counties with reference to the subject matter are in a different position than the other counties in the state. Since this is true, the act becomes local and cannot be upheld as a general law."

See, also, Thompson v. Stanley, 183 Okla. 445, 83 P.2d 386.

Upon consideration of the foregoing authorities, we are of the opinion, and hold, that article 16, chapter 34, S. L. 1936-37, is unconstitutional.

On the question of whether the legislative aim intended by this act could be accomplished by a general act, as well as other questions presented in the briefs, we express no opinion.

The decision of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, GIBSON, HURST, and DANNER, JJ., concur. RILEY, J., absent.