### STANOLIND PIPE LINE CO. et al. v. PAYNE COUNTY, EXCISE BOARD.

No. 29221.   June 13, 1939.

Mastin Geschwind, for plaintiffs in error.

Leon J. York, County Atty., for defendant in error.

WELCH, V. C. J.  Protestant contends that the excise board appropriated $594 more than was requested and estimated to

be needed by the governing board of the school district for transfer fees, and that therefore the levy should be reduced .72 of a mill ($663.40) and appropriations should be reduced $594.

Based upon the premises that the excise board appropriated more for transfer fees than was requested by the governing board of the school district, it is urged that the alleged increase is unauthorized, citing Protest of C., R. I. & P. Ry. Co., 150 Okla. 167, 1 P.2d 383; School Dist. No. 78, Grady County, v. School Dist. No. 51, Grady County, 180 Okla. 321, 68 P.2d 872; Gulf Pipe Line Co. v. County Treasurer of Tulsa County, 110 Okla. 163, 236 P. 896; School Dist. No. 85, Kay County, v. School District No. 71, Kay County, 135 Okla. 270, 276 P. 186; School District No. 58, Payne County, v. School District No. 56, Payne County, 169 Okla. 613, 38 P.2d 919, and others. Those cases are to the general effect that the excise board has no authority to increase an item of appropriation over that requested by the governing board of a municipal subdivision and it is contended that the status of the law in that regard remains unchanged as concerns school districts, even after the enactment of chapter 13, S. L. 1933.

It is our conclusion that we are not justified in extended discussion of that exact question under the facts as they exist in this case. It is our view here that the protestants' statement that the excise board increased the item of appropriation for transfer fees over the request of the governing board of the school district is not supported by the record.

In arriving at our conclusion we note the following from the record. The appropriation requests as prepared by the said governing board contained under "Exhibit N" the following:

"Further, unless qualification as Secondary Aid District is certified for the purpose of providing adequate educational facilities to those pupils qualifying for instruction in grades not taught in this district, or who are handicapped by geographical or topographical conditions, a pro rata part of local revenues in ratio of transferred to nontransferred pupils as provided by chapter 13, Session Laws 1933, are hereby requested to be appropriated for the following transferred pupils, and to be set aside according to law."

This same exhibit, as well as elsewhere in the estimate and requests, contained data to the effect that 29 pupils had been transferred. The appropriation made thereunder by the excise board is $2,094, admittedly calculated as provided by chapter 13, S. L. 1933. Had the estimates and requests of the governing board contained nothing further in that regard, we take it that protestants would have readily recognized that the action taken was well within the rules announced in Stanolind Pipe Line Co. et al. v. Tulsa County Excise Board, 183 Okla. 160, 80 P.2d 316. There we held in the first paragraph of the syllabus as follows:

"Where the estimate of current needs of a school district contains the following: 'Further for the purpose of providing adequate educational facilities to those pupils qualifying for instruction in grades not taught in this district, or who are handicapped by geographical or topographical conditions, a pro rata part of local revenues in ratio of transferred to nontransferred pupils as provided by chapter 13, Session Laws 1933 (70 Okla. St. Ann. sec. 1021 et seq.) are hereby requested to be appropriated for the following transferred pupils and to be set aside according to law,' and is followed by a statement of the pupils duly transferred prior to July 1, of the current year, the same is a sufficient request for an appropriation of its funds for payment of transfer fees to be calculated as provided by chapter 13, Sess. Laws 1933."

The estimate and request as prepared, however, contain additional matter. Under "Exhibit M" as follows:

"Classified under Title 1 to 46, inclusive, we have estimated our requirements for operating and maintaining school for the fiscal year 1938-39, and request that in so far as the same is not financed by Cash Aid Funds, the local income in ratio of numbered transferred pupils be appropriated thereto."

And under the same exhibit, at line 23 of the form prepared by the State Examiner and Inspector, there is written the following: "Transfer fees to high school (est.) $1500.00." It is on account of such additional matter that protestant concludes that the requested appropriation was raised by the excise board.

As explanatory of the estimate and request, all three members of the school board were examined as witnesses at the hearing before the Court of Tax Review. None of them testified that it was ever at any time the intention or desire of the governing board to confine the appropriation for transfer fees to not to exceed $1,500. They testified that they knew and reported that they had 29 transferred pupils, and at the time of the preparation of the budget by them they did not know the per capita expense of the transferee districts, and therefore could not

accurately calculate the total transfer fees under the 1933 law, supra, but merely used the last year's per capita cost because the correct data was not then available. It is apparent that the figure $1,500 was inserted by them as the tentative, approximate or estimated total. It is equally apparent from the whole record that the governing board intended that the transfer fees be calculated as provided by chapter 13, S. L. 1933, because they requested that to be done, because the $1,500 figure is only a statement of the approximate amount of such item, and because the testimony of the members of the governing board clearly reflects that intention.

The total transfer fee was so calculated by the excise board and the determination of this cause is, therefore, governed by the Stanolind-Tulsa County Case, supra.

The judgment of the Court of Tax Review is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, GIBSON, HURST, and DAVISON, JJ., concur. DANNER, J., absent.