WELLS v. CHILDERS, State Auditor, et al.

No. 32183. June 29, 1945.

Rehearing Denied Sept. 11, 1945.

*163 P. 2d 1015.*

Sid White, of Oklahoma City (Hall Rains, of Oklahoma City, of counsel), for plaintiff.

Randell S. Cobb, Atty. Gen., and Ewing C. Sadler, Asst. Atty. Gen., for defendants.

HURST, V.C.J. This is an original action in this court instituted by J. K. Wells, a taxpayer, to enjoin the State Auditor, State Treasurer, and State Board of Education from carrying out the provisions of Senate Bill No. 263 of the Twentieth Oklahoma Legislature, and from paying out the money therein sought to be appropriated, on the ground that said bill is unconstitutional. The material portions of the bill are as follows:

"Section 1. For the purpose of promoting the public school interests of the State and aiding the people in providing adequate school facilities for the education of their children, there is hereby appropriated to the State Board of Education the sum of Seventy-five Thousand Dollars ($75,000.00), or so much thereof as may be necessary, out of the State General Revenue Fund of the fiscal year ending June 30, 1946, for the purpose of aiding financially weak school districts in building and equipping adequate school buildings.

"Section 2. Any school district which has a school building in which school was held during the school year 1943-44, and which has been condemned by the State Fire Marshal as being unsafe for use and in which school is not being held during the school year 1944-45, shall be entitled to have paid out of the funds herein appropriated sixty-five per cent (65%) of the cost of building and equipping a new school building. Provided, such school district authorizes and issues the maximum amount of bonds such school district may issue under Section 26, Article 10, Oklahoma Constitution, and votes and authorizes a five-mill building fund levy as authorized by Section 10, Article 10, Oklahoma Constitution. The monies herein appropriated shall be allocated by the State Board of Education by written order to school districts qualifying for such aid. The contracts and plans and specifications for any such school building shall be submitted to the State Board of Education for its approval."

Petitioner contends that said bill is violative of several specific sections of the State Constitution. He also argues that the bill makes an arbitrary classification in favor of certain favored districts. If this be true, it is violative of section 59, art. 5, of the State Constitution, which provides that "laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted."

The Attorney General argues that the bill was enacted pursuant to the mandatory duty enjoined upon the Legislature by section 1, art. 13, of the State Constitution to "establish and maintain a system of free public schools wherein all the children of the state may be educated," and that the bill does not violate any constitutional provision, and is valid under the rules laid down in Miller v. Childers, 107 Okla. 57, 238 P. 204.

In Wilkinson v. Hale, 184 Okla. 165, 86 P. 2d 305, we defined local or special laws as follows:

"Local or special laws are all those that rest on a false or deficient classification. Their vice is that they do not embrace all the class that they should naturally embrace. They create preference and establish inequality. They apply to persons, things, and places possessed of certain qualities or situations and exclude from their effect other persons, things, or places which are not dissimilar in this respect."

The purpose of said bill is to aid "financially weak school districts in building and equipping adequate school buildings." Instead of aiding all such "weak school districts" it includes only those having a school building in which school was held during the school year 1943-44 but not during the school year 1944-45, and which building has been condemned by the State Fire Marshal.

338

Thus it excludes districts where the school building may have been destroyed, also districts where school may have been held in the condemned building during the school year 1944-45 or where school was not held in such building during the school year 1943-44, also districts having a building that may be condemned by the State Fire Marshal after the effective date of the bill, which districts may be in as much need of assistance as a district that comes within the terms of the bill. The classification is, therefore, an arbitrary one and does not embrace all weak school districts that naturally come within the classification of those in equal need of assistance. See cases cited in annotation to section 59, art. 5, of the Constitution of Oklahoma; 6 R.C.L. 373-383; 12 Am. Jur. 238-241; 12 C.J. 1128-1131; 16 C.J.S. 954-958.

In Miller v. Childers, above, in answer to the contention that the appropriation bill in aid of weak school districts there involved was a special law, it was pointed out that "the classification is a reasonable one" and applied "to all them or thereafter coming within the classification." The clear inference is that the bill would have fallen if the classification had been an arbitrary and capricious one, despite the fact that it was an appropriation bill enacted under authority of section 1, art. 13, of the State Constitution.

For the reasons pointed out above, we think said bill is a special law forbidden by section 59, art. 5, of the State Constitution. That section is general. It contains no exceptions. It applies to general grants of power to the Legislature, such as section 1, art. 13, of the State Constitution, referred to by the Attorney General. It applies to bills appropriating state funds for the benefit of the municipal subdivisions of the state.

We find it unnecessary to pass upon the other contentions of petitioner or to refer to the other constitutional provisions mentioned by him.

We do not hold or mean to imply that this character of legislation is free from other constitutional objections.

Writ granted enjoining the defendants from paying out the money or otherwise carrying out the provisions of the said bill.

GIBSON, C. J., and BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., concurs specially.

OSBORN, J. (concurring specially). The bill purports to be a bill "for the purpose of aiding financially weak school districts in building and equipping adequate school buildings," yet there is no definition of "financially weak school districts" and no criterion or standard set up whereby the State Board of Education can determine what districts come within the purview of the act. On the other hand, the classification of school districts entitled to the aid provided for is dependent upon whether school was held in such building during the school year of 1943-44, and not held therein during the school year of 1944-45, and the condemnation by the Fire Marshal. In other words, the classification is based not upon the financial inability of the school districts affected to erect buildings for school purposes, but upon certain other restrictive acts limiting the recipients to a very narrow compass by reason of past acts. If a school building has been condemned by the Fire Marshal, if school was held therein during the school year of 1943-44, and not held therein during the school year of 1944-45, even though the district be not indebted and even though it has a large assessable valuation sufficient to raise revenue for building purposes far beyond any reasonable needs, it can, nevertheless, qualify for aid to the extent of 65 per cent of the costs of building and equipping a new school building. But a school district whose building was destroyed by fire or tornado during the time school was being conducted therein in the school year of 1944-45, even though indebted to the maximum constitutional limit and unable to rebuild, would be arbi-

trarily excluded from the benefits of the act.

It is true that as a condition to receiving aid the school district must authorize the issue of the maximum amount of bonds therein specified, but the basis of granting aid is not predicated thereon; it is merely a requirement or condition which, without compliance, the district is not entitled to take advantage of the provisions of the act. Had the financial inability of the school districts been used as the basis of classification and had provision been made for the participation of other school districts coming within the same or a similar category, the act might have avoided the constitutional inhibition against arbitrary and capricious classification.

Whatever may be the hardship to the individual district which finds itself unable to house an important public activity, such hardship should not be alleviated by unconstitutional means.

I therefore concur in the majority opinion.

Mr. Justice ARNOLD concurs in this opinion.