Dear Representative Mass,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing in effect, the following question:
Did the adoption of Senate Joint Resolution Thirty-One duringthe Second Regular Session of the Forty-Third Legislatureconstitute an effective authorization and approval of a contractbetween the Oklahoma Water Resources Board and the North TexasMunicipal Water District for the sale of water from the SardisReservoir, as required by 82 O.S. 1085.2(2) (1991)?
¶ 1 The statute at issue in your opinion request is 82 O.S.1085.2 (1991), which sets forth the general powers and authority of the Oklahoma Water Resources Board ("OWRB"). You have specifically inquired about subsection two (2) of this section which provides that the OWRB has the authority to make contracts and execute instruments that are necessary for the exercise of its other powers, and sets forth conditions that must be satisfied before any contract to sell water for use in another state may be made. The subsection reads in pertinent part as follows:
 [N]o contract shall be made conveying the title or use of any waters of the State of Oklahoma to any person, firm, corporation or other state or subdivision of government, for sale or use in any other state, unless such contract be specifically authorized by an act of the Oklahoma Legislature and thereafter as approved by it.
82 O.S. 1085.2(2) (1991) (emphasis added).
¶ 2 Consequently, any contract to sell water for use in another state must first be specifically authorized by the Legislature and then approved by the Legislature after its terms have been negotiated and agreed upon by the parties.[1]
¶ 3 You have asked whether Senate Joint Resolution Thirty-One (USJR 31") passed during the Second Regular Session of the Forty-Third Legislature satisfied the authorization and approval requirements of 82 O.S. 1085.2(2), insofar as the contract to sell water from the Sardis Reservoir to the North Texas Municipal Water District ("NTMWD") is concerned. SJR 31 provides in pertinent part as follows:
 The Oklahoma Water Resources Board is hereby authorized to enter into an agreement with the North Texas Municipal Water District for the sale of surplus water from Sardis Reservoir and the Kiamichi River basin, and to grant water rights as necessary to effectuate such agreement. This section constitutes the approval and authorization required by paragraph 2 of Section 82 O.S. 1085.2 of Title 82 of the Oklahoma Statutes.
(Emphasis added.)
¶ 4 We must first examine the general rules of construction pertaining to joint resolutions. The Oklahoma Supreme Court has determined that a joint resolution passed in the manner and form required by the State Constitution has the force and effect of law, and is equivalent to a legislative enactment. Ward v.State, 56 P.2d 136 (Okla. 1936). It is necessary to determine whether SJR 31 is a special or general law in order to ascertain which constitutional requirements had to be complied with in passing SJR 31 so that it has the force and effect of law.
¶ 5 The Oklahoma Supreme Court has characterized special laws in the following manner:
 They apply to persons, things, and places possessed of certain qualities or situations and exclude from their effect other persons, things, or places which are not dissimilar in this respect.
Tulsa Exposition and Fair Corporation v. Board of CountyCommissioners of Tulsa County, 468 P.2d 501, 503 (Okla. 1970);Wilkerson v. Hale, 86 P.2d 305, 307 (Okla. 1939). SJR 31 concerns the contract to sell water from Sardis Reservoir to the NTMWD, exclusively. In contrast to 82 O.S. 1085.2 (1991), SJR 31 does not address other OWRB contracts to sell water or other OWRB contracts. SJR 31 is a special law.
¶ 6 Having concluded SJR 31 is a special law, of immediate concern is whether the notice and filing requirements of ArticleV, Section 32, of the Oklahoma Constitution were complied with insofar as the introduction and passage of SJR 31 are concerned. Article V, Section 32, provides:
 No special or local law shall be considered by the Legislature until notice of the intended introduction of such bill or bills shall first have been published for four consecutive weeks in some weekly newspaper published or of general circulation in the city or county affected by such law, stating in substance the contents thereof, and verified proof of such publication filed with the Secretary of State.
(Emphasis added.)
¶ 7 The purpose of this notice is to provide the particular individuals or locality who may be benefitted or prejudiced by the enactment of the contemplated law an opportunity to be heard by the Legislature with regard to the law. State v. Ward,118 P.2d 216, 220 (Okla. 1941). Failure to comply with these requirements renders the special or local law void. Rodolf v.Board of Commissioners of Tulsa County, 251 P. 740 (Okla 1926);Chickasha Cotton Oil Co. v. Lamb Tyner, 114 P. 333 (Okla. 1911).
¶ 8 Neither the House nor the Senate Journal for the Second Regular Session of the Forty-Third Legislature indicates that the publication and filing requirements of Article V, Section 32, were complied with insofar as SJR 31 is concerned. Moreover, there is nothing in the official records of the Secretary of State indicating that these requirements were met. Consequently, SJR 31 is void and of no effect.
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that the adoption of Senate Joint Resolution Thirty-Onedid not constitute an effective authorization and approval of acontract between the Oklahoma Water Resources Board and the NorthTexas Municipal Water District for the sale of water from theSardis Reservoir as required by 82 O.S. 1085.2(2) (1991)because Senate Joint Resolution Thirty-One is void and of noeffect in that it lacked the requisite notice and filing forspecial or local laws set forth in Article V, Section 32 of theOklahoma Constitution.
SUSAN BRIMER LOVING ATTORNEY GENERAL OF OKLAHOMA
VICTOR N. BIRD ASSISTANT ATTORNEY GENERAL CHIEF, GENERAL COUNSEL DIVISION
[1] This opinion does not address the question of whether 82O.S. 1991, § 1085.2[82-1085.2](2) violates the Interstate Commerce Clause, U.S. Const. art. 1, § 8, cl. 3, because such a determination requires findings of fact and a balancing of interests which are outside the scope of the Attorney General opinion.